HOLMES et al. v. BURNETT.

(District Court, N. D. Illinois, E. D. July 16, 1913.)

No. 30,754.

1. PATENTS (§ 280\*)—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.

That a patentee has assigned an interest in his patent, including the right of recovery for past infringements, to his co-complainants, since the acts of infringement charged in the bill, does not deprive a court of equity of jurisdiction, where the alleged infringing article was made by defendant under a patent to himself, and he claims the right to make, use and sell it.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 439; Dec. Dig. § 280.\*]

2. PATENTS (§ 328\*)—VALIDITY AND INFRINGEMENT—DENTAL APPLIANCE.

The Holmes patent, No. 900,541, for a dental appliance for taking wax impressions, is valid, of a primary character, and is entitled to a reasonably broad construction; also *held* infringed by the device of the Burnett patent, No. 984,796.

In Equity. Suit by Erwin E. Holmes and others against Ira E. Burnett. On final hearing. Decree for complainants.

Minturn & Woerner, of Indianapolis, Ind., for complainants.
John H. Whipple, of Chicago, Ill., for defendant.

SANBORN, District Judge. Bill for injunction and accounting for infringement of patent No. 900,541, to Erwin E. Holmes, dated October 6, 1908. The defenses interposed are want of jurisdiction in equity, lack of novelty, and no infringement.

[1] The first defense was raised by demurrer, which was overruled; and it is renewed in the answer, and by motion to dismiss the suit on the ground that the remedy at law is adequate. It appears that the only act of alleged infringement proved was the sale of defendant's device September 1, 1911. At this time Mr. Holmes was the sole owner of the patent. About six weeks later he assigned to Ida A. Holmes, George E. Coburn, and Grant H. Clay, his co-complainants, the undivided three-fourths of all right, title, and interest in the patent, one-

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fourth to each, including the right of recovery for past infringements. It further appears in the evidence that defendant took out a patent upon his device, and claims the right to make, use, and sell it.

It will thus be seen that no specific act of infringement is shown after the assignment, and it is therefore insisted that no cause of action in equity can exist as to three of the complainants; their rights being wholly legal in their character. It appears, however, that all persons interested in the patent are before the court, and that Holmes, who owned the whole interest at the time of the alleged infringement, and still owns a quarter interest, had at the time of infringement, and still has, the right to an injunction and an accounting, if there has been infringement and the patent is valid. All interested persons being parties, the whole controversy can be settled in this suit. Under these circumstances, it would be unjust to turn the parties over to a court of law, which cannot give adequate relief.

[2] The patent in question relates to a device for taking impressions of the mouth for the making of artificial teeth. It appears that it is difficult to obtain a correct impression, for the reason that the patient, in closing the mouth, holds the lower jaw too far forward. This is due to the jaw having acquired an abnormal position by reason of its being so loosely joined to the cranium, and when mastication must be done on one side of the mouth, thus wearing down the teeth on that side, and throwing the jaw out of its proper position. When impressions are made under these circumstances, the false teeth will not fit. Dentists overcome this condition by manually pushing the lower jaw backwards into its sockets while taking the wax impression, and later find the proper position of the teeth by fitting them into the wax in the patient's mouth before the plate is made. To avoid this, and enable busy dentists to complete the plates without the presence of the patient, devices of the kind made by complainants and defendant are required.

The difficulty which has always existed in dentistry is to find the position of the lower jaw in normal relation to the upper, at the time of taking the wax impression. Prior to Holmes' discovery, there was only one device in the prior art by which this difficulty was attempted to be solved. That was the invention patented by Huber June 9, 1903, No. 730, 658. His plan was to have the patient close his mouth on the wax, which had been placed on the "bite-taker," and then direct him to relax the muscles, thus tending to restore the lower jaw more or less into a normal position; the lower blade of the device, with its wax impression, being thereby pulled back, either into the proper position, or towards that position, by such relaxation. Holmes was the first, however, to produce a device which of itself does this by pushing the jaw backwards without the volition of the patient himself.

The invention consists of two plates joined together by a hinge pivoted at each end, so that the plates may be slightly separated, and the lower one slid forwards, or towards the back of the mouth, in the very act of taking the impression, thus carrying the lower jaw back into its normal position, and also placing it into proper sidewise or lateral relation to the upper, which is always rigid, being part of the cranium itself.

Holmes, being the first to fully solve the difficulty presented, was awarded a somewhat broad claim for so simple a device. His first claim reads:

"A dental appliance for taking wax impressions or bites, consisting of a primary and a secondary plate, means on said plates adapted to force the secondary plate to travel longitudinally when moved toward the primary plate and to limit said longitudinal travel, and a lug on said primary plate to limit the longitudinal travel of said secondary plate in the direction to open the appliance."

Defendant was given one of the patented devices, which he kept for about a year. He seems to have improved upon it to some extent in making and procuring a patent upon his own, which is No. 984,796, dated February 21, 1911. His "bite-taker" is more attractive in design, and easier to operate; possibly more efficient. But it contains all the. elements of the Holmes invention in a different position. The mode of operation is nearly the same. In view of the fact that Holmes was the first to meet the difficulty of the abnormal bite of the toothless jaw, he is entitled to a reasonably broad construction of his claims, the first three of which are held infringed.

Injunction and accounting as prayed should be decreed. Whether complainants are entitled to damages by reason of not having marked the devices will be considered on application for decree.